UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS HAYES,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE, et al.,<br><br>    Defendants. | Case No. 25-cv-02356-EKL<br><br>**ORDER SCREENING COMPLAINT, ORDERING SERVICE** |

On March 7, 2025, Plaintiff Kevin Lewis Hayes filed the instant lawsuit challenging incidents that occurred at Correctional Training Facility in Soledad, California. ECF No. 1. On August 12, 2025, the Court granted Hayes' motion to amend his complaint. ECF No. 5. The Court reviews the complaint pursuant to 28 U.S.C. § 1915. Based on the following reasons, the Court ORDERS SERVICE of Defendants Corina Lopez, Ashalla Binning, Justin Garcia, Correctional Officer Robles, Correctional Officer Partida.

I. **LEGAL STANDARDS**

    A. **Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Pol. Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.  Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.  HAYES' ALLEGATIONS

Hayes alleges that he has experienced issues trying to send legal mail to attorneys since 2021. ECF No. 1 at 4. Hayes alleges that he sent legal mail to a lawyer named Benjamin Pavonca; the letter was later returned to Hayes, opened, with a note that the address – 600 W. Broadway, Ste. 700, San Diego, CA 92101 – did not exist. *Id.* at 2. Hayes alleges that this address does exist and that the letter was returned to him in order to obstruct his communication

1  with a civil attorney. *Id.* at 3.

2       On May 16, 2024, Hayes wrote a letter to another attorney, Caneel Ciara Fraser, and

3  attempted to mail it to her by sending it to the Los Angeles County Courthouse located at 1945 S.

4  Hill St., Los Angeles, CA 90007. ECF No. 1 at 3. Hayes alleges that he handed his legal mail to

5  correctional officers, who sealed the letter as legal mail, but the letter was then opened outside of

6  his presence. *Id.* The letter was returned to Hayes six weeks later from the mailroom. *Id.* The

7  letter was opened and had a note that "[Fraser] doesn't exist and her address is frivolous." *Id.*

8  Officers Robles and Partida placed the opened letter under Hayes' door. *Id.* at 36. When Hayes

9  asked the officers to sign something stating that the letter was opened by the mail room, the

10  officers refused to do so. *Id.* at 3. Hayes believes that the officers were involved in the opening of

11  his mail. *Id.*

12       Hayes believes that Fraser would have received the letter if it had been mailed as

13  addressed. ECF No. 1 at 3. The attached grievance response shows that his grievance was denied

14  because the letter was addressed to "Camille Frazier" at the Los Angeles County Courthouse, but

15  the mail room reportedly determined that no person with that name was admitted to the California

16  State Bar. *Id.* at 42. When Hayes asked for the names of mail room staff who were responsible

17  for incoming and ongoing mail on the date the letter was opened, the prison provided the names of

18  Defendants Lopez, Binning, and Garcia. ECF No. 4 at 4-5.

19       Hayes seeks monetary and injunctive relief. ECF No. 1 at 3.

20  **III.  ANALYSIS**

21       Prison officials may institute procedures for inspecting "legal mail," *e.g.*, mail sent

22  between attorneys and prisoners, and mail sent from prisoners to the courts. *See Wolff v.*

23  *McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys); *Royse v. Superior*

24  *Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But "prisoner

25  correspondence at least implicates First Amendment rights[,]" and "prisoners have a protected

26  First Amendment interest in having properly marked legal mail opened only in their presence."

27  *Hayes v. Idaho Corr. Center*, 849 F.3d 1204, 1210-11 (9th Cir. 2017); *see also O'Keefe v. Van*

28  *Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (the opening and inspecting of "legal mail" outside the

presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government). A plaintiff need not allege a longstanding practice of having his mail opened outside his presence in order to state a claim for relief. *Hayes*, 849 F.3d at 1218 (allegation that protected mail was opened outside plaintiff's presence on two separate occasions sufficient to state First Amendment claim). Liberally construed, Hayes states a cognizable First Amendment claim against all Defendants for the opening of his outgoing legal mail, which was addressed to the Los Angeles County Courthouse, outside his presence. *See Royse*, 779 F.2d at 574-75 (outgoing mail to court is legal mail and subject to inspection in inmate's presence).

## IV.  CONCLUSION

The Court orders as follows:

1. Hayes states a cognizable First Amendment claim against all Defendants for the opening of his legal mail outside his presence.

2. Defendants Corina Lopez, Ashalla Binning, Justin Garcia, Correctional Officer Robles, and Correctional Officer Partida shall be served. Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint (ECF No. 1), the motion to amend (ECF No. 4), this order, a CDCR Report of E-Service Waiver form, and a summons.

No later than **forty-five (45) days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether any Defendant declined to waive service. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **twenty-one (21) days of service**, shall file with the Court a waiver of service of process for the Defendants waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 form and copies

1  of this order, summons, and operative complaint for service upon each Defendant who has not
2  waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
3  Service Waiver.

4      The Clerk shall also mail a copy of the operative complaint and a copy of this order to the
5  United State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a
6  copy of this order to Hayes.

7      3. In order to expedite the resolution of this case, the Court orders the following
8  briefing schedule:

    A. No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will so inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on the Hayes.

    B. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    C. Hayes' opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **twenty-eight (28) days** from the date the motion was served upon him. Hayes must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849

F.2d 409, 411-12 (9th Cir. 1988).  If Defendants file a dispositive motion claiming that Hayes failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

D. If Defendants wish to file a reply brief, they shall do so no later than **fourteen (14) days** after the opposition is served upon them.

E. The motion shall be deemed submitted as of the date the reply brief is due.  Absent a further order of the Court, no hearing will be held on the motion.

4. All communications by Hayes with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

6. It is Hayes' responsibility to prosecute this case.  Hayes must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:   September 22, 2025

Eumi K. Lee
United States District Judge